IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMANTHA MACKEY, individually and on
behalf of all others similarly situated,

        Plaintiff,                              CASE NO.:

VS.

HEY DUDE (US) LLC,

        Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, HEY DUDE (US) LLC (hereinafter "HEY DUDE" and/or "Defendant"), by and through undersigned counsel, pursuant to 28 U.S.C. § 1441(a), removes an action pending in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, styled *Samantha Mackey v. Hey Dude (US) LLC,* Case No. 22-005038-CI, where Plaintiff filed suit against HEY DUDE, and further states:

## TIMELY NOTICE OF REMOVAL

1.      On October 24, 2022, Plaintiff filed a Complaint against HEY DUDE in the Sixth Judicial Circuit in and for Pinellas County, Florida.

2.      On October 28, 2022, HEY DUDE was served with a Summons and copy of the Complaint in connection with the state action.

**PLAINTIFF'S CLAIMS**

3.      Plaintiffs' Complaint asserts that HEY DUDE violated the Florida telephone Solicitation Act, Fla. Stat. § 501.059 (the "FTSA").  The Complaint states that the "matter in controversy exceeds the sum or value of $30,000.00 exclusive of interest, costs, and attorney's fees." (Compl., ¶ 9.)  (Plaintiff's Complaint filed in the State Court Pleadings is attached hereto as Exhibit A.)  Defendant denies the allegations in the Complaint.

4.      Plaintiff and the putative class also allege that they seek "statutory damages," "[a]n injunction" and "reasonable attorney's fees and court costs."  (Compl., "Wherefore Clause," b, c & d, p. 8.)

5.      Plaintiff alleges that "Defendant has placed telephonic sales calls to telephone numbers belonging to hundreds of consumers in Florida." (Compl., ¶ 22.)  Defendant denies that any telephone calls placed to consumers in Florida violated the FTSAor any other law or regulation.

6.      The FTSA permits damages of $1,500 for each offending telephonic sales call "[i]f the court finds that the defendant willfully or knowingly violated this section . . . ." Fla. Stat. § 501.059(10).  Plaintiff alleges that "Defendant's violation of Fla. Stat. § 501.059(8)(a) was willful or knowing," and that "[a]s a result of Defendant's conduct, and pursuant to §501.059(10) of the FTSA, Plaintiff and Class members were aggrieved and are each entitled to recover damages, costs, and attorney's fees from Defendant." Compl. at ¶¶ 37–38. Plaintiff further asserts that "[i]n violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members . . . ." *Id*. at ¶ 35. Therefore, because Plaintiff alleges that Defendant "willfully or knowingly" made at least one violating call to every class member,

Plaintiff seeks the full $1,500 in statutory damages available for each allegedly violating call, so the amount in controversy is at least $1,500, before attorney's fees are even calculated.

7.      Here, because Plaintiff alleges that the "matter in controversy exceeds the sum or value of $30,000.00 exclusive of interest, costs, and attorney's fees" (Compl., ¶ 9) and because Plaintiff's attorney's fees will likely be in excess of $45,000.00, the amount in controversy will exceed $75,000.00.

8.      Therefore, pursuant to 28 U.S.C. § 1446(b), HEY DUDE timely files this Notice of Removal within one year of the filing of the Complaint and within thirty (30) days of HEY DUDE's receipt through service of a pleading or other paper in which HEY DUDE could ascertain that the case is one which is removable.

## VENUE

9.      Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division because the state court action originated in Pinellas County, Florida.

## JURISDICTION

10.      This Court has jurisdiction. The state court action is a civil action which falls under this Court's original jurisdiction, pursuant to 28 U.S.C. § 1332(a), because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, HEY DUDE is entitled to remove this action pursuant to 28 U.S.C. § 1441.

## COMPLETE DIVERSITY EXISTS

11.      A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1183 (2010) ("The phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's actions i.e. its "nerve center").

3

12.    HEY DUDE is, and was at the time Plaintiffs' Complaint was filed in Florida state court, a limited liability company formed under the laws of the State of Delaware, with its principal place of business in Broomfield, Colorado.  HEY DUDE is a wholly owned by Crocs, Inc.  Crocs, Inc. is a Delaware corporation and has no parent entity.  It is publicly traded on the Nasdaq under the ticker symbol CROX.  Crocs, Inc.'s principal place of business is in Broomfield, Colorado. BlackRock, Inc. owns part of Crocs, Inc.'s stock.  BlackRock, Inc. is a Delaware corporation and is traded on the New York Stock Exchange under the ticker symbol BLK.   BlackRock, Inc.'s principal place of business is New York.  Fidelity Management & Research Company LLC owns part of Crocs, Inc.'s stock.  Fidelity Management & Research Company LLC is a Delaware limited liability company and its principal place of business is Massachusetts.  HEY DUDE, Crocs, Inc., BlackRock, Inc. and Fidelity Management & Research Company LLC are citizens of Delaware, Colorado, New York and Massachusetts for purposes of determining diversity under 28 U.S.C. § 1332(a)(1).

13.    An individual is a citizen of the state in which he or she is domiciled, which is the state where the individual maintains his or her "true, fixed, and permanent home." *McCormick v. Aderholt,* 293 F.3d 1254, 1257-58 (11th Cir. 2002) (per curiam).  Here, Plaintiff alleges that she seeks relief on behalf of herself and the putative class, all of whom are "persons in the State of Florida." (Compl., ¶ 20.)  Accordingly, Plaintiff and the members of the putative class are Florida citizens for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332(c)(1).

14.    As described above, Plaintiff is allegedly a citizen and resident of Florida.  Thus, Plaintiff, HEY DUDE, Crocs, Inc., BlackRock, Inc. and Fidelity Management & Research Company LLC are citizens of different states and there is complete diversity of citizenship for purposes of 28 U.S.C. § 1332(a).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

15.    Plaintiff's Complaint asserts a cause of action for alleged violations of the FTSA, alleging that HEY DUDE sent telephone sales calls to Plaintiff and the members of the putative class.  (Compl., ¶ 22.)   Plaintiff asserts that she and the putative class have suffered damages as a result of receiving those telephone calls, along with attorney fees and costs.  (Compl., "Wherefore Clause," b, p. 8.)  Plaintiff further alleges that the "matter in controversy exceeds the sum or value of $30,000.00" (Compl., ¶ 9).

16.    Also as described above, the amount in controversy with respect to Plaintiff's individual claim is both the amount of statutory damages that she seeks for herself, as well as the attorney's fees that she seeks under §501.059(11) of the FTSA. The statute provides for reasonable attorney's fees at the conclusion of the case for all attorney hours spent on the case.  Because the total amount of attorney time expended on the matter from inception through final judgment will likely exceed 225 hours, and because this court has previously used $350 per hour as a metric for the jurisdictional calculation (see *Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1353 (M.D. Fla. 2008)), the amount in controversy with respect to Plaintiff's individual claim alone exceeds $75,000. *See id.*; accord *Mohammed v. Geovera Ins*. Co., 2022 WL 4730947, at *4 (M.D. Fla. Oct. 3, 2022)

17.    Plaintiff alleges an amount in in controversy in excess of $75,000.00.

18.    Accordingly, the amount in controversy between Plaintiff and HEY DUDE for alleged damages related to the allegations contained in the Complaint exceeds the $75,000.00 amount in controversy requirement for diversity jurisdiction.

## THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

19.    Removal is timely because HEY DUDE filed this notice within thirty days of Plaintiff's October 28, 2022 service of the Complaint.  *See* 28 U.S.C. § 1446(b)(1).

20.    Removal to this Court is proper because the United States District Court for the Middle District of Florida embraces the location where the State Court Action was commenced and pending—Pinellas County, Florida. *See* 28 U.S.C. §§ 89(b), 1446(a).

21.    HEY DUDE submits with this notice a copy of all process, pleadings, and orders served upon it in this action as Exhibit B.  *See* 28 U.S.C. § 1446(a).

22.    Accordingly, this action is removable because the Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the Plaintiff's individual claim for statutory damages and attorney's fees exceeds $75,000.

## COMPLIANCE WITH 28 U.S.C. § 1446

23.    Pursuant to 28 U.S.C. § 1446(d), HEY DUDE provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and with the Clerk of the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.  Furthermore, as required by 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind filed with the state court are being filed with this Notice of Removal.

## NON-WAIVER

24.    If the Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction, the within which to remove will not have begun to run, and HEY DUDE reserves the right to remove this action at a later time.

25.    HEY DUDE does not waive, and expressly preserves, all objections and defenses it may have, including but not limited to those permitted under Rules 4 and 12 of the Federal Rules of Civil Procedure.

**WHEREFORE,** Hey Dude (US) LLC requests that this Court exercise jurisdiction over this matter.

Dated this November 23, 2022.

Respectfully submitted,
GENOVESE JOBLOVE & BATTISTA, P.A.
*Attorneys for Defendant*
4400 Miami Tower
100 Southeast Second Street
Miami, Florida  33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

s./ Aaron S. Blynn
Michael D. Joblove
Florida Bar No.: 354147
mjoblove@gjb-law.com
Aaron S. Blynn
Florida Bar No.: 073464
ablynn@gjb-law.com

**CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that on November 23, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                                     s./ Aaron S. Blynn

                                     Attorney

## SERVICE LIST

Aaron S. Blynn, Esq.
ablynn@gjb-law.com
GENOVESE JOBLOVE & BATTISTA, P.A.
4400 Miami Tower
100 Southeast Second Street
Miami, Florida  33131
Telephone:     (305) 349-2300
Facsimile:     (305) 349-2310
*Attorneys for Defendant*

Benjamin W. Raslavich, Esq.
ben@thekrfirm.com
KUHN RASLAVICH, P.A.
2110 West Platt Street
Tampa, Florida 33606
Telephone:     (813) 422-7782
Facsimile:     (813) 422-7783